No. 6126.

## J. D. Rankin v. The State.

1. Obstructing a Public Road—Evidence which shows that the fence alleged to be the obstruction was on the land of the accused when the road through it was established, and that the said road was never opened after it was established, will not support a conviction for obstructing a public road.
2. Same.—The second count in the information charges that defendant "did unlawfully and wilfully prevent the free use of said public road, said prevention not being expressly authorized by law." *Held:* That the said count charges no offense against the laws of this State. Article 124 of the Code of Criminal Procedure is inoperative, because no penalty has been provided for its violation.

Appeal from the County Court of Limestone. Tried below before the Hon. L. B. Cobb, County Judge.

The opinion discloses the case. The penalty assessed against the appellant was a fine of five dollars.

*T. J. Gibson* and *Jackson & Rucker,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. By the first count in the information, defendant is charged with unlawfully and wilfully obstructing and injuring, and causing to be obstructed and injured, a public road.

This count is not sustained by the evidence, the facts being that the obstruction complained of, a fence, was on the defendant's land at the time said road was established. Said road was never opened after it was established. It could not be obstructed within the meaning of article 405 of the Penal Code until it had been opened. It was the duty, and within the power, of the commissioners court to have the road opened. (Rev. Stats., art. 4360.) It was not the legal duty of the defendant to open it, and he violated no law in permitting his fence to remain where it was before the road was laid out.

A second count in the information charges that the defendant

did unlawfully and wilfully prevent the free use of said public road, said prevention not being expressly authorized ·by law, etc. We find no authority in the Penal Code for this count. It charges no offense known to the Penal Code. It was doubtless framed under article 124 of the Code of Criminal Proce lure, but that provision is without a penalty, and a prosecution can not, therefore, be maintained under it.

A general verdict of guilty, without specifying upon which count, was returned by the jury, and judgment was rendered and entered accordingly.

Because the evidence does not support the conviction under the first count, and because the second count charges no offense against the law, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*